UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**COREAN COLEMAN,**

　**Plaintiff,**

vs.                                                                         **CASE NO:**

**HICKMAN TRANSPORT
COMPANY, INC.,**

　**Defendant.**
_____/

## CLASS ACTION COMPLAINT

**COMES NOW**, the Plaintiff, **COREAN COLEMAN**, who, by and through her undersigned counsel(s), hereby sues the Defendant, Hickman Transport Company, Inc., and would further allege as follows:

### JURISDICTIONAL ALLEGATIONS:

1. This is an action for damages in excess of Fifteen-Thousand ($75,000.00) Dollars, exclusive of attorney's fees and costs, brought under the Family and Medical Leave Act (codified as Title 29 of the United States Code, §2601, *et.seq.*).

2. This is also a class action Complaint for Damages under the Fair Labor Standards Act ("FLSA") (codified as Title 29 of the United States Code, Section 201, *et.seq.*).

3. The Plaintiff, Corean Coleman (hereinafter to be referred to as "Ms. Coleman"), brings this Collective Action to recover the unpaid wages owed to her and all other similarly-situated employees, current and former, of the Defendant, Hickman Transport Company, Inc. (hereinafter to be referred to as "Hickman"), who worked in Florida, at any time during the three

(3) year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), and its progeny.

4. Plaintiff files the instant Complaint on behalf of herself, and a class of similarly-situated current and former employees of the Defendant, Hickman, pursuant to the *Federal Rules of Civil Procedure, Rule 23*, alleging they are entitled to back wages from Defendant, Hickman, for hours/weeks of work for which they did not receive compensation.

5. At all times material to the instant Complaint, the Plaintiff, Corean Coleman (hereinafter to be referred to as "Ms. Coleman", or Plaintiff), was an employee of the Defendant, Hickman Transport Company, Inc. (hereinafter to be referred to as "Hickman"). Accordingly, the Plaintiff is *sui juris*.

6. At all times material to the instant Complaint, the Defendant, Hickman, has been a "For Profit" company based in the State of Georgia and conducting business in Tallahassee, Leon County, Florida. Accordingly, the Defendant, Hickman, is *sui juris*.

7. All conditions precedent to the initiation and/or maintenance of the instant lawsuit have been satisfied and/or, otherwise, waived by the enumerated Defendant.

8. This Court has subject matter jurisdiction of this action under Title 28 of the United States Code, Section 1331, Title 29 of the United States Code, Section 2601, *et.seq.*, and Title 29 of the United States Code, Section 201, *et.seq.*

9. This Court has the authority to grant declaratory relief pursuant to the Fair Labor Standards Act ("FLSA"), and the Federal Declaratory Judgment Act ("DJA") (codified as Title 28 of the United States Code, Sections 2201-02).

10. Venue is proper in the Northern District of Florida, because all of the events giving

rise to the instant claims took place in either Leon County, Florida or other neighboring counties under the aegis of the Northern District Court of Florida.

## GENERAL ALLEGATIONS:

11. The Plaintiff, Ms. Coleman, was previously employed by the Defendant, Hickman, in the capacity of a "Driver" pursuant to a contract the Defendant, Hickman, maintains with the United States Postal Service.

12. The Plaintiff's, Ms. Coleman's, specific job responsibilities entailed picking up mail in Leon County, Florida and delivering the same to several counties in the "Big Bend" area including Jefferson, Madison, and Taylor Counties.

13. In connection with the aforementioned deliveries to outlying counties, the Plaintiff, Ms. Coleman, was expected to pick up mail for delivery to the Leon County, Florida post office for processing.

14. On multiple occasions during the process of delivery of the mail to the various counties on her route, it was necessary for the Plaintiff, Ms. Coleman, to remain on the property of the post office until all of the mail intended to go out was available for transport.

15. The foregoing process would often contemplate extended wait times which, on any given occasion, could be as long as several hours.

16. Despite purportedly being on the proverbial "clock" and/or within the course and scope of her employment while waiting for the mail at the post offices of these outlying counties along her mail route, the Plaintiff, Ms. Coleman, would, eventually, learn that the Defendant, Hickman, had been engaged in the pattern and/or practice of failing to treat these many hours as compensable.

17. In that vein, the Plaintiff, Ms. Coleman, would later learn that the Defendant,

Hickman, apparently had secured so-called "waivers" of other similarly-situated drivers and/or delivery personnel with respect to entitlement to compensation for the waiting periods for mail discussed herein, *infra*.[1]

18. In or about May of 2022, the Plaintiff, Ms. Hickman, sought, and received, permission/approval to take several days off from her work to take care of her daughter whom had taken ill.

19. Shortly subsequent to her availing herself of several days of FMLA-based leave time to take care of her daughter, the Plaintiff, Ms. Coleman, received notification from the Defendant, Hickman, that she was being demoted from the position of "Driver", to that of "Relief/Back-Up Driver" as a result of the aforementioned leave.

20. Thus, in lieu of having a daily full-time position with the Defendant, Hickman, the Plaintiff, Ms. Coleman, was relegated to a purported "stand by" status which, in practical terms, was tantamount to a constructive termination scenario.[2]

## FLSA COVERAGE

21. The Class Members are all of the Defendant's, Hickman's, current and former drivers who were deprived of compensation during wait periods for mail upon their respective routes, at any time during the applicable limitations period prior to the filing of this Complaint and up to the present.

22. At all times material hereto, the Plaintiff, Ms. Coleman, and all other similarly-

---

[1] Upon reasonable information and/or belief, the Plaintiff, Ms. Coleman, does not believe that she executed any such waiver.
[2] This was evidenced by virtue of the fact that from the time of her demotion in May of 2022 until August 4, 2022, the Plaintiff, Ms. Coleman, was offered no work hours. On August 4, 2022, the Defendant, Hickman, reached out to the Plaintiff, Ms. Coleman, purporting to "offer" her a one (1) day Saturday route for several hours. Notably, after nearly three (3) months of no work or even any contact from the Defendant, Hickman, the Defendant offered a *de minimis* shift only **after** the Defendant, Hickman, had been contacted by the Plaintiff's, Ms. Coleman's, counsel(s).

4

situated individuals were, at all times relevant to this Complaint, permitted to work for the Defendant, Hickman, and were, therefore, employees of the Defendant, Hickman, within the meaning of the FLSA, Title 29 of the United States Code, section 203(e)(2)(C).

23. In an FLSA case, the following elements must be met—to wit, "(1) [Plaintiff] is employed by the Defendant; (2) the Defendant engaged in interstate commerce; and (3) the Defendant failed to pay [Plaintiff] minimum or overtime wages". *Freeman v. Key Largo Volunteer Fire & Rescue Department, Inc.*, 494 Fed.Appx. 940, 942 (11th Cir. 22012) *cert. denied*, 134 So.Ct. 62, (U.S. 2013).

24. At all times material hereto, the Plaintiff, Ms. Coleman, was am "employee" of the Defendant, Hickman, within the meaning of the FLSA.

25. At all times materials hereto, the Defendant, Hickman, was an "employer" within the meaning of the FLSA.

26. The Defendant, Hickman, continues to be an "employer" within the meaning of the FLSA.

27. At all times material hereto, the Defendant, Hickman, was, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA.

28. At all times material hereto, the annual gross sales volume of the Defendant, Hickman, exceeded $500,000.00 per year. Thus the Defendant, Hickman, is/was an enterprise covered by the FLSA under Title 29 of the United States Code, Sections 203(r) and 203(s).

29. At all times material hereto, the Plaintiff, Ms. Coleman, performed work that was integral and essential to the business performed by the Defendant, Hickman.

30. The Plaintiff, Ms. Coleman, has satisfied all conditions precedent, or they have been waived.

31. The Plaintiff, Ms. Coleman, hired the undersigned counsel(s) and has agreed

5

to pay them a fee.

32. The Plaintiff, Ms. Coleman, requests a jury trial for all issues so triable.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff, Ms. Coleman, asserts claims under the FLSA, pursuant to Title 29 of the United States Code, Section 216(b), on behalf of herself and on behalf of all other similarly-situated employees currently and formerly employed by the Defendant, Hickman.

34. Pending any modification necessitated by discovery, the named Plaintiff preliminarily defines the class as follows:

### FLSA 216(b) Class:

**All current and former employees of the Defendant, Hickman, who were classified as "Driver(s)" by the Defendant, Hickman, and between September of 2019 to the Present were not compensated at least the statutory minimum wage for each of the hours waiting for mail or performing other "non-driving" tasks attendant to their employment for each week worked.**

35. All potential 216(b) Class Members are similarly-situated because, among other things, they are all employees of the Defendant, Hickman, and, information and belief, all suffered from the same policies and/or practices of the Defendant, Hickman, including:

   a. Being denied pay for non-driving related tasks and/or activities such as waiting for mail to be delivered to pick-up locations;

   b. Being coerced into signing waivers of entitlement to compensation for overtime and/or all hours worked;

   c. Failure to be paid at least statutory minimum wage for each hour worked, as mandated by the FLSA.

## CLASS ACTION ALLEGATIONS

36. Plaintiff also sues on her behalf and on behalf of a class of persons under the *Federal Rules of Civil Procedure, Rule 23(a), (b)(2)* and *(b)(3)*.

6

37. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is currently unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, Hickman, upon information and belief, there are likely at least ninety (90) members of the class during the pertinent Class Period.

38. The claims of the Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in Federal Court against a corporate defendant.

39. The enumerated Defendant herein acted, or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

40. Specifically, the Defendant, Hickman, failed to pay the employees at issue for all of the hours they worked.

41. Application of this policy or practice does/did not depend on personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied, and continues to apply to all Class Members.

42. The Plaintiff, Ms. Coleman, is committed to pursuing this action and has retained competent counsel(s) experience in employment law and class action litigation.

43. The Plaintiff, Ms. Coleman, has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

44. There are questions of law and fact common to the Class which predominate over

any questions solely affecting the individual members of the Class, including, but not limited to:

   a.) Whether the Defendant employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

   b.) Whether the Defendant failed to keep true and accurate time records for all hours worked by the Plaintiff and members of the Class;

   c.) What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d.) Whether Defendant failed and/or refused to pay the members of the Class for all of the hours worked;

   e.) Whether Defendant's failure and/or refusal to pay the members of the Class for all hours worked was willful, intentional, or done with reckless disregard to the rights of Class Members;

   f.) Whether the Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements, and attorney's fees; and, finally,

   g.) Whether the Defendant should be enjoined from the wrongful conduct delineated herein in the future.

## **COUNT I—FLSA MINIMUM WAGE VIOLATION**

45. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Forty-Four (44), as if set forth in their entirety herein.

46. During the statutory period, Plaintiff and Class Members worked for the Defendant, Hickman, and they were not paid the applicable statutory minimum wage for the hours that they worked, as mandated by the FLSA.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of Title 29 of the United States Code, Section 255(a).

48. As a direct and/or proximate result of the foregoing, the Plaintiff and Class Members have sustained injuries. Said damages are continuing and will not abate in the future.

**COUNT II—VIOLATION OF THE
FAMILY AND MEDICAL LEAVE ACT
FMLA INTERFERENCE AND RETALIATION
(Codified as Title 29 of the United States Code,
Section 2601, *et.seq.*)**

49. Plaintiff realleges and incorporates by reference Paragraphs One (1) through Forty-Four (44), as if set forth in their entirety herein.

50. This is an action against the Defendant, Hickman, which arises under the Family and Medical Leave Act ("FMLA") (codified as Title 29 of the United States Code, Section 2601, *et.seq.*).

51. The Plaintiff was an "eligible employee" within the meaning of the FMLA at all times material to the instant Complaint.

52. The Defendant, Hickman, was an "employer" within the meaning of the FMLA at all times material to the instant Complaint.

53. The Defendant, Hickman, was engaged in activity affecting commerce and employed more than fifty (50) employees for each working day during each of the twenty (20) or more calendar weeks in each calendar year relevant hereto.

54. The Plaintiff, Ms. Coleman, was eligible for and, indeed, received authorization to take FMLA-related leave from the Defendant, Hickman.

55. The FMLA provides employees with the right to be reinstated to his/her prior position or to an equivalent position with substantially similar work and compensation upon the employee's return to work.

56. In this instance, the Defendant, Hickman, violated the FMLA by failing to return the

Plaintiff, Ms. Coleman, to her previous position with the same, as well as by, demoting her and, ultimately, constructively terminating her in relation to her availment of FMLA leave.

57. As a direct and/or proximate result of the Defendant's, Hickman's, interference with and/or retaliation for the Plaintiff's, Ms. Coleman's, use of FMLA leave, the Plaintiff, Ms. Coleman, has sustained damages. Said injuries are continuing and will not abate in the future.

**WHEREFORE**, the Plaintiff, **COREAN COLEMAN**, demands:

a.) Certification of this action as a class action pursuant to the *Federal Rules of Civil Procedure, Rule 23(b)(2) and (3)* on behalf of the Members of the Class and appointing Plaintiff and her counsel(s) to represent the Class;

b.) Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of Notice pursuant to Title 29 of the United States Code, Section 216(b) to all similarly-situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to Title 29 of the United States Code Section 216(b), and appointing Plaintiff and her counsel(s) to represent the Collective Action Members;

c.) Declaring, pursuant to Title 20 of the United States Code, Sections 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d.) All unpaid wage at the FLSA mandated minimum wage rate;

e.) An equal amount of all owed wages and misappropriated funds as liquidated damages, as allowed under the FLSA;

f.) Reasonable attorney's fees, costs, and expense of this action, as provided by the FLSA;

g.) judgment against the Defendant, Hickman Transport Company, Inc., for compensatory damages, statutory damages, liquidated damages, attorney's fees, and taxable costs, pursuant to the Family and Medical Leave Act, as well as the provision of any such other relief as this Court should deem equitable and just.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

/s/ Patrick R. Frank
Patrick R. Frank [FBN 0642770]
Keisha D. Rice [FBN 13888]
**FRANK & RICE, P.A.**
325 East Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

**ATTORNEYS FOR PLAINTIFF**